# In the United States District Court
# for the
# Western District of Texas

| | | |
|---|---|---|
| **Dusti Kelly-Fleming, et al** | § § § | |
| **v.** | § § § | SA-10-CV-675-XR |
| **The City of Selma, Texas, et al** | § | |

### ORDER

On this day came on to be considered Defendant City of Selma's motion for summary judgment (dkt. no. 37).

### Background

Dusti Kelly-Fleming and John Fleming are officers and co-owners of TECLARC, a closely held corporation that operated a private school for children with certain learning disabilities such as dyslexia, attention deficit disorder and Asberger's Syndrome. Kelly-Fleming is the school's administrator.

Plaintiffs allege that in February 2008, Kelly-Fleming met with Larry Verner, a representative of the City of Selma, and discussed the possibility of having some property re-zoned from residential use to allow for the operation of their private school. Plaintiffs allege that although the application for re-zoning was complete and ready for review by the zoning board for its March 31, 2008 meeting, Mr. Verner "refused to allow the application to be presented to the zoning board until April 28, 2008." Plaintiffs further allege that although the zoning board approved the application, the City Council "appeared determined that such approval would not be granted." Plaintiffs also allege that Mr. Verner and City Administrator Ken Roberts began to state that numerous items would be required to meet city code. Plaintiffs allege that they were attempting to open their new facility by the Fall 2008 academic year, but that Defendant delayed

hearings, published false information to the public to create opposition, denied the re-zoning application on August 14, 2008, and granted a one-year special use permit at that time, but because of the late date the Plaintiffs were denied the ability to construct a facility in time for the Fall 2008 academic year.

Plaintiffs filed this lawsuit on August 13, 2010. Plaintiffs allege that the actions of the Defendant[1] violated the Americans with Disabilities Act, 42 U.S.C. §§ 12131, et seq. and 29 U.S.C. § 794.

## Summary Judgment Standard

Summary judgment is proper only when the movant can demonstrate that there is no genuine issue of material fact and that she is entitled to judgment as a matter of law. A genuine issue of material fact exists if a reasonable jury could enter a verdict for the non moving party. To defeat a properly pled motion for summary judgment, the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (*citing Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S. Ct. 2548, 91 L.Ed.2d 265 (1986)). The court must resolve factual controversies in favor of the nonmoving party. However, the nonmoving party cannot satisfy its burden merely by establishing some metaphysical doubt as to the material facts, by conclusory allegations in affidavits, or by only a scintilla of evidence.

## Analysis

Defendant seeks summary judgment, arguing that the Plaintiffs are not qualified individuals under the ADA; they were not discriminated against nor harmed because Plaintiffs filed their application on March 17, 2008 and received a special use permit on August 14, 2008; and their ADA claim is barred by limitations.

---

[1] Plaintiffs' claims against all of the individual defendants were voluntarily dismissed on October 14, 2010.

**Standing**

Defendant argues that Plaintiffs are not qualified individuals with disabilities and accordingly fail to establish a prima facie case under the ADA. Relying upon various cases, Plaintiffs argue that because of their association or dealings with disabled persons they may nevertheless pursue an ADA claim. In *McKivitz v. Township of Stowe*, 769 F.Supp.2d 803 (W.D. Pa. 2010), the court considered whether the owner of a single-family residence who applied for a zoning variance to use the property as a group home for recovering alcoholics and drug addicts had standing to pursue an ADA claim. That court, citing *Addiction Specialists, Inc. v. Township of Hampton*, 411 F.3d 399 (3d Cir. 2005), held the owner had standing based upon the federal regulations interpreting the ADA. *Id.* at 818 ("the language of the regulation clearly places individuals who associate with disabled persons on the same footing as entities which associate with disabled persons"). Likewise, other decisions have found standing in similar circumstances. *See New Directions Treatment Services v. City of Reading*, 490 F.3d 293 (3d Cir. 2007); *RHJ Medical Center, Inc. v. City of DuBois*, 754 F.Supp.2d 723 (W.D. Pa. 2010); *Smith-Berch, Inc. v. Baltimore County, Md.*, 68 F.Supp.2d 602 (D. Md. 1999).

As stated above, Defendant argues that since the Flemings are not disabled, and the plain language of the ADA provides protection only for "qualified individuals with a disability," they are not covered under the Act, fail to establish a prima facie case under the ADA, or otherwise lack standing to bring this case.

There does not appear to be any Fifth Circuit case directly addressing this issue. Although the language of the ADA is less than clear, the implementing regulations do provide guidance. 28 C.F.R. § 35.130(g) states: "A public entity shall not exclude or otherwise deny equal services, programs, or activities to an individual or entity because of the known disability

of an individual with whom the individual or entity is known to have a relationship or association."

Citing 28 C.F.R. § 35.130(g), at least two courts in Texas have recognized that the ADA prohibits public entities from discriminating against an individual based on his or her association with a disabled person. *See J.D. v. Georgetown Independent School Dist.*, 2011 WL 2971284 *10 (W.D. Tex. 2011) and *Hooker v. Dallas Independent School Dist.*, 2010 WL 4025776 (N.D. Tex. 2010). These courts, however, have also held that an associational discrimination claim "requires a separate and distinct denial of a benefit or service to a non-disabled person" and "may not be premised on a derivative benefit or harm based on treatment towards a disabled person." *Id*. at *5.

The City argues that Plaintiffs have suffered no injuries. The City argues that Plaintiffs completed their application for rezoning on March 17, 2008 and that a special use permit was granted on August 14, 2008. They further argue that Plaintiffs purchased the property on April 1, 2008 fully aware that at that time the land was zoned for residential use only. It further argues that the modular building that was to be used for school purposes was purchased prior to the Plaintiffs' acquisition of the real estate. Plaintiffs respond that the City intentionally delayed hearings on their application and granted only a temporary one-year special use permit just weeks before the opening of the school year. As a result Plaintiffs allege they were unable to enroll students on a timely basis, they lost profits from their business and were required to "shut down" the company.[2] Plaintiffs have alleged a "separate and distinct denial of a benefit or service." Accordingly, the Court concludes that Plaintiffs have standing to assert their ADA claim and the City's motion for summary judgment on this claim is denied.

---

[2] Defendant's alternative argument of "no discrimination" is denied inasmuch as there is a fact issue as to whether the application was intentionally delayed and why only a one-year special use permit was issued.

**Limitations**

Although the Plaintiffs' application for rezoning was not denied until August 14, 2008, when the special use permit was issued, the City argues that Plaintiffs should have known that they were harmed in mid-June to early July 2008. Accordingly, the City argues that limitations ran from that time frame and Plaintiffs untimely filed this lawsuit on August 13, 2010.

Plaintiff Kelly-Fleming responds in her affidavit that a representative from the City informed her that she would be granted a hearing before the City Council in July 2008 and that it was delayed by the City until August 14, 2008. She also states that on July 21, 2008 "we made demand on the City to compensate us for the delay, or otherwise work with us to either get the school open for the Fall 2008 semester, or keep us afloat financially until the school could be operational."

In *Frame v. City of Arlington*, 657 F.3d 215 (5th Cir. 2011), the Fifth Circuit held that in a Title II ADA case accrual occurs "the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." *Id*. at 238. The Fifth Circuit, however, further stated that statute of limitations is an affirmative defense that "places the burden of proof on the party pleading it." *Id*. at 239.

If the discovery rule were to be applied in this case it would appear that limitations would run from July 21, 2008 inasmuch as Plaintiffs knew of their alleged harm by that date. But the City Attorney informed Plaintiff that her complaint of wrongful acts by City employees was being investigated; that the City would "conduct public hearings on both the request for a Special Use Permit and the request for a zoning change" on August 14, 2008 and that because of "public hearing requirements" the August 14, 2008 City Council meeting was the earliest that the City could consider "matters related to the Utopia Boulevard property on which you seek to operate

5

the private school."[3]  The City has not conclusively established its right to a limitations defense.  Accordingly, the City's motion for summary judgment on this issue is denied.

## Conclusion

Defendant City of Selma's motion for summary judgment (dkt. no. 37) is denied.

SIGNED this 24th day of May, 2012.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

---

[3] See Exhibit H to Defendant's motion for summary judgment.