IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| DUSTI KELLY-FLEMING, JOHN FLEMING, and TECLARC, INC., §§§§ | |
| *Plaintiffs*, § | |
| § | Civil Action No.  SA-10-CV-675-XR |
| v. §§ | |
| THE CITY OF SELMA, TEXAS, §§ | |
| *Defendant*. § | |

**ORDER**

On this date, the Court considered Defendant's motion to strike. Doc. No. 82.  After careful consideration, the Court GRANTS the motion in part.  The Court will strike all witnesses not previously identified in discovery, will strike certain exhibits, and will issue its ruling on several of the remaining exhibits when Defendant's anticipated objections are made at trial.

**DISCUSSION**

Defendant's motion to strike can be divided into four parts. First, Defendant seeks to strike 16 of Plaintiffs' proposed witnesses that they allege were not properly disclosed.  In response, Plaintiffs admit that nine of their proposed witnesses were not disclosed to Defendant. Doc. No. 83.  However, Plaintiffs contend that seven of the challenged witnesses were in fact disclosed on October 26, 2012.  *Id.*  The names of these witnesses, however, appear in response to a request for production and were not disclosed to Defendant in answers to interrogatories or in Rule 26 disclosures.

Under Rule 26 of the Federal Rules of Civil Procedure, a party is under an obligation to disclose the name, address, and telephone number of all witnesses it expects to call. FED.R.CIV. P. 26 (a)(3)(A)(i). Rule 37 mandates that undisclosed witnesses be excluded unless the failure to disclose was "substantially justified or harmless." FED.R.CIV. P. 37(c)(1). Here, Plaintiffs' failure to disclose the witnesses that it intends to call at trial has precluded Defendant from taking depositions of any of the challenged witnesses. Accordingly, allowing their testimony would not be harmless. Plaintiffs argue that any failure to disclose is attributable to disagreement over strategy and tactics between the Flemings and their former counsel. Doc. No. 83. Although Plaintiffs' current counsel has apparently diligently sought to prepare this case for trial since being retained in July, the Court cannot permit these undisclosed witnesses to testify without seriously prejudicing the Defendant.[1] Accordingly the motion to strike the challenged witnesses is granted. *See, Quanta Servs. Inc. v. Am. Admin. Grp. Inc.*, 384 F. App'x 291, 295 (5th Cir. 2008) (district court did not abuse its discretion by striking witness who was not previously disclosed).

Second, Defendant seeks to strike 11 of Plaintiffs' exhibits on the basis that they were not disclosed. As with potential witnesses, a party is obligated to disclose potential exhibits. FED.R.CIV.P. 26 (a)(3)(A)(ii). Rule 37(c)(1) provides that a party who fails to disclose such information "shall not, unless such failure is harmless, be permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed." FED.R.CIV.P. 37(c)(1). In evaluating whether a discovery violation is harmless, the Court must look to four factors: "(1) the importance of the evidence; (2) the prejudice to the opposing party of

---

[1] While the Court accepts the argument that Plaintiffs should not be punished for the failings of their former counsel, the Court cannot prejudice the Defendant in order to rectify previous counsel's mistakes. Notably, this Court has already granted Plaintiffs' motion to designate an expert witness beyond the deadline. Doc. No. 77.

including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose." *Tex. A&M Research Found. v. Magna Transp., Inc.*, 338 F.3d 394, 402 (5th Cir. 2003). The Court cannot make this assessment without first inspecting the exhibits. Accordingly, the Court will rule on any objection to these exhibits only after they have been introduced at trial and an objection has been made.

Third, Defendant seeks to strike three newspaper articles discussing this lawsuit. Defendant argues that these articles are hearsay, lack foundation, and are "otherwise inadmissible under Rule 403." Doc. No. 82. The Court agrees with the Defendant. These articles are hearsay not within an exception. *Cano v. Bexar Cnty., Texas*, 280 F. App'x 404, 406 (5th Cir. 2008) ("Newspaper articles, however, are hearsay"). Moreover, newspaper articles covering this lawsuit have a strong likelihood of confusing the jury as to the relevant facts and should be excluded under Rule 403.

Finally, Defendant objects to Plaintiffs' Exhibit P-25 entitled "2005 Tax Forms Bates 1201-2107" on the basis that these documents lack foundation, are inadmissible hearsay, and are not relevant to the case. Should Plaintiff seek to introduce this evidence at trial, the Court will rule on any potential objection at that time.

SIGNED this 9th day of November, 2013.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE